DOWNEY, Judge.
Carteret Savings Bank F.A., (Carteret) appeals from a final judgment entered in a suit to foreclose a mortgage executed by appellees, Walter and Patricia Snyder (Snyder).
Snyder borrowed $94,400.00 from Carter-et in 1983 and secured the loan with a note and mortgage on certain property in Lake Worth, Florida. The note together with an amount to be escrowed for taxes and insurance was to be amortized in monthly installments. Snyder was also indebted to Carteret on several other notes and mortgages which incumbered other properties.
Several years into the term of this obligation Carteret and Snyder experienced a disagreement over the balance due on the mortgage and the amounts of the monthly payments. In trying to resolve these disagreements it became apparent that Car-teret’s records were in some instances inaccurate, such as, improper payments from the escrow account. Finally, when Snyder failed to pay the increased amounts in their monthly payments as demanded by Carter-et, Carteret accelerated the balance of the note and foreclosure proceedings were in *517 stituted. Regardless of their disagreement Snyder continued to tender monthly payments; however, Carteret refused the tender and returned Snyders checks, approximately ninety six in number, until suit was filed. Thereafter, monthly payments were made by Snyder and retained by Carteret.
Upon trial of the issues joined the court entered the final judgment appealed holding that Snyder was not in default; and that due to the inadequacy of Carteret’s records its evidence was not credible. The court therefore concluded that the note was current through January 31, 1992 and that no sums due Carteret were delinquent.
Carteret contends the trial court erred in finding that Snyder was not in default and in holding that the mortgage payments tendered but returned constituted payments reducing the balance of the debt. It further suggests that the trial court erred in procedural rulings which adversely affected Carteret’s credibility in the case.
The record presented convinces us that some degree of fault can be ascribed to both parties to the extent that the trial court was justified in refusing to declare a default and grant foreclosure. However, we are unable to find support in the record for the conclusion that the numerous payments tendered by Snyder and returned by Carteret constitute payments resulting in a reduction of the obligation. The facts belie such a conclusion and we find no estoppel or other legal justification for that holding. Furthermore, although the alleged discovery violation was certainly arguable, we believe that it was a decision within the sound discretion of the trial judge, particularly when considered in the context of the other findings vis a vis Carteret’s inaccurate records.
Accordingly, we affirm the trial court’s refusal to grant foreclosure and the court’s ruling on the alleged discovery violation. However, we reverse the trial court’s holding that the tendered monthly mortgage payments returned to Snyder by Carteret constituted payments which reduced the balance of the note.
The cause is therefore remanded to the trial court with directions to amend the final judgment by ordering Snyder to pay to Carteret, within a reasonable time, the total amount of the installment payments tendered to Carteret and returned by it to Snyder. Furthermore, the mortgage shall be reinstated effective the date of the trial court’s amended judgment and interest shall commence running from that date forward. The trial court is authorized, if necessary, to take further evidence and to enter such other orders as are appropriate to effectuate the views expressed herein.
HERSEY and POLEN, JJ., concur.